IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:14-CR-159(LMB) |
| | ) | (Sentencing: October 24, 2014) |
| IN SEON LIM, | ) | |
| | ) | |
| Defendant. | ) | |

Government's Position on Sentencing

The United States Probation Office calculated the defendant's total offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines) to be 31, with a sentencing range of 108-135 months.[1] The United States agrees with the PSR's Guidelines calculations, except for its four-level enhancement, rather than a two-level enhancement, for the defendant's role in the offense under Section 3B1.1(a) of the Guidelines. The United States, therefore, has calculated the defendant's Guidelines total offense level to be 29, with a sentencing range of 87-108 months,[2] and a fine range of $15,000 to $150,000. The United States also agrees that the defendant owes restitution in the total amount of $374,566.58. As discussed further below, the United States specifically recommends a sentence of 60 months' imprisonment, three years supervised release, and restitution in the amounts of $250,000 to the United States Department of Defense and $124,566.58 to the Internal Revenue Service.

---

[1] The defendant has accepted responsibility for his conduct in a timely manner. Therefore, as noted in the PSR at paragraph 95, the United States moves the Court to grant the defendant an additional one-level reduction in his offense level. The PSR's guideline calculations accounted for the government's motion.

[2] The United States is filing separately under seal a motion for downward departure under Section 5K1.1 of the Guidelines.

**Summary of Facts**

Between June 2007 and his resignation in April 2012, the defendant, a former civilian contracting official for the United States Department of the Army, accepted over $490,000 in bribe payments from six corrupt contractors. The bribes included, among other things of value, cash payments ranging from a few thousand dollars to $175,000, a Lexus ES350 automobile worth approximately $30,000, meals, golf clubs, a trip for himself in the Philippines, and a vacation for himself and his family in Jamaica. He also conspired with two of the corrupt contractors to inflate a government contract by $250,000, which allowed him to pocket $175,000 of the overcharged amount paid by the Army. In return, in his position as the most senior employee for his Army component stationed in South Korea, he helped those corrupt contractors obtain millions of dollars in federal contracts. In addition, he failed to report the bribe payments on tax returns for the years 2007 through 2011, and failed to keep records that would allow him to file accurate records for 2012 and 2013, which resulted in a tax loss to the United States of $124,566.58.

**Sentencing Guidelines**

As stated above, the United States Probation Office calculated the defendant's Guidelines total offense level to be 31, with a sentencing range of 108-135 months. The United States agrees with the PSR's Guidelines calculations, except for its four-level enhancement, rather than a two-level enhancement, for the defendant's role in the offense under Section 3B1.1(a) of the Guidelines. The government agrees that the defendant was a leader, organizer, manager, or supervisor for the offenses of conviction for conspiracy (Count One) and bribery (Count Five). In its plea agreement, the government reserved the right to recommend a two point enhancement under U.S.S.G § 3B1.1(c). At the time of the plea agreement, the government believed that a

2

two-level enhancement was appropriate because of its view that there were not five or more participants in any one of the substantive counts (Counts Two through Ten), but had not considered that there would be five or more participants in the aggregate in the conspiracy charge (Count One).  Accordingly, the government is seeking only a two-level enhancement for the offense under Section 3B1.1(c) of the Guidelines, as required by its plea agreement.

Here, the defendant satisfies the requirements for a two-level enhancement for his role in the offense under Section 3B1.1(c) of the Guidelines.  For a defendant to be an organizer, leader, manager, or supervisor for purposes of Section 3B1.1(c), the defendant must have organized, led, managed, or supervised one or more other participants in the criminal scheme.  *United States v. Steffen*, 741 F.3d 411, 415-16 (4th Cir. 2013).  Here, the other participants were the corrupt contractors who paid bribes to the defendant.

The defendant organized, led, supervised, or managed the other participants.  As an initial matter, such organization, leadership, management, or supervision need not be extensive.  In *Steffen*, the defendant's management consisted of using his patrol car as a shield to prevent other patrolmen from stopping a co-conspirator's car and deciding which co-conspirator should put his name on an electric bill for a certain location.  *Id.*  The Fourth Circuit affirmed the application of the enhancement based upon this evidence.

Here, the defendant has admitted to facts that make him an organizer, leader, manager, or supervisor for purposes of U.S.S.G. § 3B1.1(c).  While working as a "Product Director" for the Army, the defendant oversaw and implemented communication systems upgrades for U.S. Forces at military sites throughout South Korea, wrote contract requirements and the statements of work, and worked to bid contracts based on customer (commanders at various military sites) requirements.  *See* Statement of Offense (ECF Doc. 22) at ¶ 3.  The defendant directed

government contractors to submit fraudulent invoices for purported work that was not actually performed, and directed the contractors to pay the defendant a portion of the proceeds generated by the fraudulent invoices. *Id.* ¶¶ 16, 41. In colluding with one of the corrupt contractors, the defendant was specifically identified as a "Manager," through the fictitious business title of "PM/Business Development Manager," and managed that contractor's interaction with the Army through an alias and secret email account. *Id.* ¶¶ 22-25. The defendant also used his official position with the Army to obtain modifications and change orders to subcontracts that increased the value of the subcontracts for the corrupt contractors. *See, e.g., id.* ¶¶ 34, 36-38, 44, 46. Such conduct fits squarely within the meaning of organizer, leader, manager, or supervisor under Section 3B1.1(c) of the Guidelines. *See United States v. Harvey,* 532 F.3d 326, 338 (4th Cir. 2008) (role enhancement upheld for a U.S. Army employee who steered contracts to his friend's company, recommended modifications and "add-ons," and approved payments in return for payments); *see also United States v. Llamas*, 599 F.3d 381, 390 (4th Cir. 2010) (upholding U.S.S.G. § 3B1.1 enhancement based on evidence that the defendant supervised a fraud scheme at a call center by enforcing rules, punishing non-compliant employees, and "deciding monetary shares of the fraud scheme's proceeds"); *United States v. Bartley*, 230 F.3d 667, 673-74 (4th Cir. 2000) (affirming enhancement given evidence that the defendant directed the activities of drug dealers, set prices and terms of payment, arranged logistics, and instructed others on how to manage drug distribution proceeds).

## Section 3553 Factors

### The nature and circumstances of the offense support a within-Guidelines sentence.

The nature and circumstances of the offense demonstrate that a Guidelines sentence at an offense level 29 (pre-departure) is reasonable in light of the circumstances of the offenses of

conviction.  The defendant played a leading role in a four-year bribery scheme.  The defendant engaged in this scheme through corrupt dealings with six subcontractors.  The loss to the government was not limited to the value of the defendant's honest services, but included the theft of $250,000 through an inflated invoice.  This conduct falls squarely within the heartland of the Guidelines concerning bribery.

**The history and characteristics of the defendant support a within-Guidelines sentence**.

The history and characteristics of the defendant demonstrate that a Guidelines sentence at an offense level 29 (pre-departure) is reasonable in light of the need to protect society from the defendant's severe character flaw and criminal mind.  The defendant has no one to blame for his criminal conduct but himself.  There is nothing in the defendant's background as a son, brother, husband, or father that appears to have triggered or could in any way mitigate his criminal conduct.  He appears to have led a normal childhood, obtained a college degree and a master's degree, and worked his way from lower-level positions into a high-level position in the Army.  He had no prior criminal history.

Despite playing a critical role in a sprawling bribery scheme for over four years, the defendant's colleagues and superiors in the Army never questioned his loyalty or integrity.  The defendant's most recent job rating by his supervisor at the Army in January 2012 reported that he exceeded expectations, which resulted in him obtaining a salary bonus, and noted that he had "[e]stablished, lead [sic], defined, integrated and coordinated" the United States Eight Army's "resources" in Korea "to successfully update . . . requirements for release of funds, contract award, and seamless transition."  To most of his colleagues, the defendant personified the dutiful public servant while engaging in a large bribery scheme.

Even more alarming, not only did his colleagues consider the defendant loyal to the Army, but the defendant deluded himself into thinking that he remained loyal to the Army and that his dealings with the corrupt contractors were somehow outside of his official work. For years, according to the defendant, he did not grasp that taking large sums of cash from contractors, or asking a contractor to buy him a new Lexus automobile, or establishing secret email accounts to share confidential bid information with contractors, or creating and approving phony invoices to steal from the United States was contrary to his duties as a public servant. Such lack of understanding reflects a deeply flawed character and one that the public would reasonably expect the criminal justice system to deal with harshly.

**The need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant support a within-Guidelines sentence.**

Here, a Guidelines sentence at a total adjusted offense level 29 (pre-departure) is also reasonable in light of the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes by the defendant. For over four years, the defendant engaged in persistent, multi-faceted, and blatant corruption. The amounts of the bribe payments were continuing on an intensifying upward trajectory due to the insatiable greed of the defendant and his co-conspirators. Those bribe payments, alone, would merit 87-108 months in a federal prison (pre-departure). But the defendant also admitted to inflating a government contract by $250,000 so that he and his co-conspirators could steal from the government. And the defendant was convicted of evading taxes. Such procurement fraud and tax fraud would also merit years in a federal prison.

This was not a stranger-on-stranger crime. In Seon Lim knew his victim – the United States Department of the Army – as well as anyone. He had worked for the Army for sixteen

years.  He had earned his colleagues' trust in working year-after-year for the Army.  He saw the sacrifices that many of his civilian and military colleagues made to support the Army's mission. He must have known, had he thought about it, the professional and financial sacrifices made by many of them to remain dedicated public servants.  Rather than continue to make similar sacrifices to meet his own needs, he knowingly betrayed the trust placed in him and brought shame to the Army.  Along the way, he stole $250,000 of the Army's money so that he could buy a nice home in the Virginia suburbs that was otherwise beyond his financial means.

The need to specifically deter the defendant from engaging in future criminal offenses also supports the reasonableness of a Guidelines range of 87-108 months (pre-departure). Although the defendant has no prior criminal history, his first criminal convictions were serious and extremely harmful.  Throughout the scheme, the defendant showed no real regard for the rules that applied to him as a public official.  In addition, as discussed above, the defendant's disturbing ability to convince himself and others of his good intentions while betraying his country's trust suggests a need for a serious punishment.

For similar reasons, the need to deter others from engaging in similar criminal conduct supports the reasonableness of a Guidelines range of 87-108 months (pre-departure).  The defendant's punishment must deter others in similar positions from using their positions of public trust to line their pockets.  There are hundreds of thousands of government employees in our area and many more throughout this country.  The government – and American taxpayers – depend on the honesty and integrity of those employees to perform both mundane and critical work for the good of the country.  They must have confidence that the employees will put those tax dollars to their intended uses.

Sadly, the negative effects of a corrupt public official are not confined to the official's specific organization.  Corrupt conduct by officials tends to cast skepticism and, worse, cynicism broadly against the government and all of its employees.  The defendant's sentence, therefore, should serve to deter the defendant from future criminal conduct, vindicate the conduct of honest public servants, and serve as a message to the broader community that the criminal law will deal harshly with those who seek to profit illegally from their government positions.  These factors all suggest that a sentence that includes a period of substantial incarceration is appropriate.

**The need to avoid unwarranted sentencing disparities among defendants with similar records supports a within Guidelines sentence.**

A Guidelines sentence at an offense level 29 (pre-departure) would also be reasonable in light of the need to prevent disparities between the defendant and defendants in similar cases.  In addition, a post-departure sentence of 60 months imprisonment – resulting in a 31% reduction from the low-end of the sentencing range of the total offense level (87 months) – would be reasonable in light of the government's prior recommendations for similarly situated defendants who have already been sentenced in this investigation and received downward departures based on substantial assistance:

| Defendant | Offense Level and Range Per Plea Agreement (Pre-5K) | Actual Sentence | % Off Time to be Served (from Bottom of Range) |
|---|---|---|---|
| Kerry Khan[3] | 39 (262-327) | 235 months | 10% |

---

[3] On May 17, 2012, Khan, a former civilian contracting officer at the United States Army Corps of Engineers, pleaded guilty in the District of Columbia to Counts 2 (bribery of a public official) and 4 (money laundering conspiracy) of an Indictment returned against him and others on September 19, 2011.  Khan admitted conspiring with contractors, among other things, to inflate government contracts and to steal over $15 million from the government.  On July 11, 2013, Khan was sentenced to 235 months in prison.  *See United States v. Kerry Khan*, 11-cr-276-001 (EGS).

| Michael Alexander[4] | 31 (108-135) | 72 months | 33% |
| Thomas Kwon[5] | 28 (87-108) | 46 months | 47% |

A sentence of sixty months (post-departure) would also be consistent with similarly situated defendants in other prosecutions. *See, e.g.*, *Harvey*, 532 F.3d at 333 (affirming post-trial conviction and sentence of 72 months of incarceration for civilian U.S. Army employee for accepting $43,000 in corrupt payments from a contractor).

### Restitution

The defendant owes restitution in the total amount of $374,566.58.  More specifically, he owes restitution in the amounts of $250,000 to the United States Department of Defense and $124,566.58 to the Internal Revenue Service.

---

[4] On February 13, 2012, Alexander, a former civilian contracting officer at the United States Army Corps of Engineers, pleaded guilty in the District of Columbia to Counts 2 (bribery of a public official) and 4 (money laundering conspiracy) of an Indictment returned against him and others on September 19, 2011.  Alexander admitted receiving $1,250,000 in bribes from a government contractor and provided substantial assistance in the investigation and prosecution of several others.  On September 13, 2012, Alexander was sentenced to 72 months imprisonment. *See United States v. Michael Alexander*, 11-cr-276-002 (EGS).

[5] On November 9, 2012, Kwon, the co-founder and Chief Financial Officer of Avenciatech, Inc., pleaded guilty in the District of Columbia to a two count Information charging bribery of a public official (Lim) and bank fraud.  On January 28, 2014, Kwon was sentenced to 46 months imprisonment. *See United States v. Oh Sung (Thomas) Kwon*, 12-cr-181-001 (EGS).

**Conclusion**

For the foregoing reasons, the United States recommends a sentence of 60 months' imprisonment, three years supervised release, and restitution in the amounts of $250,000 to the United States Department of Defense and $124,566.58 to the Internal Revenue Service.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Jack Hanly
Assistant United States Attorney
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3773
Fax: 703-299-3981
Email: jack.hanly@usdoj.gov

By: _____/s/_____
Michael K. Atkinson
Special Assistant United States Attorney
Counsel for the United States
United States Attorney's Office
555 4th Street, N.W., Room 5840
Washington, D.C. 20530
Phone: 202-252-7812
Fax: 202-307-2304
Email: Michael.Atkinson2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to counsel of record.

By:    _____/s/_____
        Michael K. Atkinson
        Special Assistant United States Attorney
        Counsel for the United States
        United States Attorney's Office
        555 4th Street, N.W., Room 5840
        Washington, D.C. 20530
        Phone: 202-252-7817
        Fax: 202-307-2304
        Email: Michael.Atkinson2@usdoj.gov